## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

ERIC MAVACHEV, an individual,
and JENNIFER SHAFIR, an individual,   CASE NO.: 24-cv-20417

    Plaintiffs,

v.

XANDI GARCIA, an individual,
MAYBEL SANCHEZ, an individual,
MIRTA LORA, an individual,
FABIAN GARCIA, an individual,
ORIELYS SOSA-CABRERA, an individual,
YENNYS PEREZ, an individual,
DANIEL PACHECO, an individual,
JOSSIE PINTADO MARTELL, an
individual, MAISY VALLE, an individual,
and DAVID ALCALDE, an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, ERIC MAVACHEV and JENNIFER SHAFIR (collectively, "*Plaintiffs*"), by and through the undersigned counsel, hereby sue Defendants, XANDI GARCIA, an individual; MAYBEL SANCHEZ, an individual; MIRTA LORA, an individual; FABIAN GARCIA, an individual; ORIELYS SOSA-CABRERA, an individual; YENNYS PEREZ, an individual; DANIEL PACHECO, an individual; JOSSIE PINTADO-MARTELL, an individual; MAISY VALLE, an individual; and DAVID ALCALDE, an individual (collectively, "*Defendants*"), and in support thereof states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for damages in excess of seventy-five thousand dollars ($75,000.00) exclusive of interest, attorneys' fees, and costs.

2. At all times material hereto, Plaintiff, ERIC MAVACHEV ("*Eric*"), was and is a citizen of the State of New York and otherwise *sui juris*.

3. At all times material hereto, Plaintiff, JENNIFER SHAFIR ("*Jennifer*"), was and is a citizen of the State of New York and otherwise sui juris.

4. At all times material hereto, Defendant, Xandi Garcia was and is a citizen of the state of Florida.

5. At all times material hereto, Defendant, MAYBEL SANCHEZ ("*Maybel*"), was and is a citizen of the State of Florida.

6. At all times material hereto, Defendant, MIRTA LORA ("*Mirta*"), was and is a citizen of the state of Florida.

7. At all times material hereto, Defendant, FABIAN GARCIA ("*Garcia*"), was and is a citizen of the State of Florida.

8. At all times material hereto, Defendant, ORIELYS SOSA-CABRERA ("*Orielys*") was and is a citizen of the State of Florida.

9. At all times material hereto, Defendant, YENNYS PEREZ ("*Yennys*") was and is a citizen of the State of Florida.

10. At all times material hereto Defendant, DANIEL PACHECO ("*Pacheco*"), was and is a citizen of the State of Florida.

11. At all times material hereto Defendant, JOSSIE PINTADO-MARTELL ("*Jossie*") was and is a citizen of the State of Florida.

12. At all times material hereto Defendant, MAISY VALLE ("*Maisy*"), was and is a citizen of the State of Florida.

13. At all times relevant hereto Defendant, DAVID ALCALDE ("*David*"), was and is

Page **2** of **12**

a citizen of the State of Florida.

14. Venue is proper because the facts and circumstances giving rise to the instant claims occurred in Miami-Dade County, Florida.

15. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because the parties are citizens of diverse states, and the amount in controversy exceeds $75,000. Plaintiffs are also pursuing claims that arise out of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, et seq.

16. This Court may exercise personal jurisdiction over Defendants who are all citizens of the State of Florida.

## FACTUAL ALLEGATIONS

17. Commencing prior to January 2020, and as set forth in further detail in the criminal indictment against them, Defendants were engaged in a high stakes criminal enterprise that was intended to deprive wealthy individuals of their hard earned assets, through the theft and conversion of their personal property, which was then, on information and belief, transferred and converted through various money laundering efforts to allow Defendants to benefit from and retain the proceeds of their theft.

18. The enterprise was operated by, through and among all the Defendants who would collectively work together to steal from various individuals such as Plaintiffs, to launder their money and hard-earned valuable property.

19. Prior to stealing from Plaintiffs, Defendants stole significant money and jewelry from other individuals. Defendants would use the proceeds from their theft to traffic and sell illegal drugs, while placing gps trackers in victims' cars.

20. Defendants used interstate commerce in support of their efforts to deprive Plaintiffs of their property, by engaging in telephonic and electronic communication over the internet and, on information and belief, by monitoring Plaintiffs and their conduct in New York while Defendants were in Florida.

21. This continuing pattern of criminal conduct continued with Defendants' efforts to steal from Plaintiffs.

22. Defendants engaged in a concerted effort to monitor and ensure that they could take Plaintiffs' property from them and entered into an agreement to commit the unlawful act of breaking into Plaintiffs' hotel room and stealing all of Plaintiffs' jewelry.

23. Plaintiffs arrived in Miami on February 1, 2020, to participate in Super Bowl weekend and affiliated events.

24. Plaintiff Eric travelled to Miami with nearly two million dollars ($2,000,000.00) in jewelry to sell to celebrities and other high-end clients.

25. Plaintiff Jennifer traveled to Miami with several high value personal belongings including Chanel purses and a fur coat.

26. Upon Plaintiffs' arrival to Miami, on information and belief, Defendants developed a plan to rob Plaintiff Eric of all the valuable jewelry that he brought with him.

27. To accomplish this goal, Defendants had members of their group monitor the Mondrian hotel, which had defective security, to find out where Plaintiffs would be staying to the extent the information was not otherwise provided by or through other sources in to the hotel and when Plaintiff would be leaving.

28. On February 1, 2020, at approximately 11:22 pm, Plaintiffs, who were guests and invitees at the Mondrian Hotel, left their hotel room for dinner and a night out.

29. Within a couple of hours after Plaintiffs left the hotel, Defendants and other co-conspirators worked in concert to break into Plaintiffs' hotel room and steal the safe directly out of the hotel room.

30. Upon information and belief, some Defendants were responsible for monitoring Plaintiffs' hotel room and Plaintiffs' conduct. Other Defendants maintained and positioned various vehicles and other equipment to allow them to escape, and other Defendants assisted by distracting and finding holes in the security at the hotel where Plaintiff was staying.

31. Plaintiff Jennifer had a designer coat, two Chanel purses, and five thousand dollars ($5,000.00) in cash stolen, while Plaintiff Eric had nearly two million dollars ($2,000,000.00) in jewelry and luxury watches stolen.

32. After stealing Plaintiffs personal property, Defendants continued to engage in a scheme to transfer convert and otherwise launder Plaintiffs' jewelry and money. They were in the process of trying to steal money from a former Yankees pitcher but were arrested before they could consummate the theft.

33. Ultimately, Defendants were arrested for their involvement in the foregoing scheme and pled guilty. However, they were able to successfully steal and conceal, through money laundering and other improper conduct, Plaintiffs' property and use it for their own benefits.

34. As a result of Defendants' actions, Plaintiffs suffered substantial damages.

35. Defendants knew or should have known of the wrongful nature of their actions. All knew or should have known of the criminal enterprise, and knowingly and willingly participated in the criminal enterprise.

36. All conditions precedent to the filing of this lawsuit, including any actions required of Plaintiffs, have been performed, satisfied, and/or waived.

## COUNT I
## <u>VIOLATIONS OF THE FEDERAL RICO STATUTES</u>

37. Plaintiffs reallege and reavers all of the allegations contained in 1 through 36, as if fully set forth herein.

38. As set forth in further detail above, Defendants engaged in a conduct, by *inter alia*, stealing converting and laundering Plaintiffs' assets, that was criminal and would otherwise constitute conversion, theft, and burglary.

39. Defendants' conduct constituted an enterprise, because Defendants all acted with a common purpose to achieve the common goal of depriving individuals, including Plaintiffs, of their assets and money.

40. Defendants engaged in a pattern, in that their conduct was repeated and occurred several times during a several month period.

41. Defendants engaged in racketeering conduct, which included, without limitation, theft, conversion, burglary, and money laundering.

42. As a result of Defendants' conduct Plaintiffs suffered damages.

43. Plaintiffs in fact suffered damages.

WHEREFORE, Plaintiffs demand judgment against Defendants finding that: (i) Defendants violated the Federal RICO Statutes; (ii) Awarding Plaintiffs treble damages; (iii) Awarding Plaintiffs attorney's fees and costs; (iv) Awarding Plaintiffs damages, including lost profits, costs, interest; and (v) Awarding such other and further relief as this Court may deem just and proper, both in law and in equity.

## COUNT II
## VIOLATIONS OF FLORIDA RICO STATUTES

44. Plaintiffs reallege and reavers all of the allegations contained in 1 through 36, as if fully set forth herein.

45. As set forth in further detail above, Defendants engaged in a conduct, by *inter alia*, stealing, converting, and laundering Plaintiffs' assets, that was criminal and would otherwise constitute conversion, theft, and burglary.

46. Defendants' conduct constituted an enterprise, because Defendants all acted with a common purpose to achieve the common goal of depriving individuals, including Plaintiffs, of their assets and money.

47. Defendants engaged in a pattern, in that their conduct was repeated and occurred several times during a several month period.

48. Defendants engaged in racketeering conduct, which included, without limitation, theft, conversion, burglary, and money laundering.

49. As a result of Defendants' conduct Plaintiffs suffered damages.

50. Plaintiffs in fact suffered damages.

WHEREFORE, Plaintiffs demands judgment against Defendants finding that: (i) Defendants violated the Florida RICO statutes; (ii) Awarding Plaintiffs treble damages; (iii) Awarding Plaintiffs attorney's fees and costs; (iv) Awarding Plaintiffs damages, including lost profits, costs, interest; and (v) Awarding such other and further relief as this Court may deem just and proper, both in law and in equity.

## COUNT III
## CONSPIRACY TO VIOLATE FEDERAL RICO STATUTES

51. Plaintiffs reallege and reavers all of the allegations contained in 1 through 36, and 37 through 43, as if fully set forth herein.

52. As set forth in further detail above, Defendants engaged in a conduct, by *inter alia*, stealing, converting, and laundering Plaintiffs' assets, that was criminal and would otherwise constitute conversion, theft, and burglary.

53. Defendants' conduct constituted an enterprise, because Defendants all acted with a common purpose to achieve the common goal of depriving individuals, including Plaintiffs, of their assets and money.

54. Defendants engaged in a pattern, in that their conduct was repeated and occurred several times during a several month period.

55. Defendants engaged in racketeering conduct, which included, without limitation, theft, conversion, burglary, and money laundering.

56. Each Defendant knew about the criminal enterprise and agreed to further and advance the purpose of the criminal enterprise. They also all participated personally in the commission of predicate acts in furtherance of the RICO enterprise.

57. As a result of Defendants' conduct Plaintiffs suffered damages.

58. Plaintiffs in fact suffered damages.

WHEREFORE, Plaintiffs demands judgment against Defendants finding that: (i) Defendants conspired to violate the Federal RICO Statutes; (ii) Awarding Plaintiffs treble damages; (iii) Awarding Plaintiffs attorney's fees and costs; (iv) Awarding Plaintiffs damages, including lost profits, costs, interest; and (v) Awarding such other and further relief as this Court may deem just and proper, both in law and in equity.

## COUNT IV
## CONSPIRACY TO VIOLATE FLORIDA RICO STATUTES

59. Plaintiffs reallege and reavers all of the allegations contained in 1 through 36, and 44 through 50 as if fully set forth herein.

60. As set forth in further detail above, Defendants engaged in a conduct, by *inter alia*, stealing, converting, and laundering Plaintiffs' assets, that was criminal and would otherwise constitute conversion, theft, and burglary.

61. Defendants' conduct constituted an enterprise, because Defendants all acted with a common purpose to achieve the common goal of depriving individuals, including Plaintiffs, of their assets and money.

62. Defendants engaged in a pattern, in that their conduct was repeated and occurred several times during a several month period.

63. Defendants engaged in racketeering conduct, which included, without limitation, theft, conversion, burglary, and money laundering.

64. Each Defendant knew about the criminal enterprise and agreed to further and advance the purpose of the criminal enterprise. They also all participated personally in the commission of predicate acts in furtherance of the RICO enterprise.

65. As a result of Defendants' conduct Plaintiffs suffered damages.

66. Plaintiffs in fact suffered damages.

WHEREFORE, Plaintiffs demands judgment against Defendants finding that: (i) Defendants conspired to violate the Florida RICO Statutes; (ii) Awarding Plaintiffs treble damages; (iii) Awarding Plaintiffs attorney's fees and costs; (iv) Awarding Plaintiffs damages, including lost profits, costs, interest; and (v) Awarding such other and further relief as this Court may deem just and proper, both in law and in equity.

**COUNT V**
**CONVERSION**

67. Plaintiffs reallege and reaver all of the allegations contained in 1 through 36 as if fully set forth herein.

68. Plaintiffs are the owners of valuable property and were in possession of that Property.

69. Notwithstanding the foregoing, Defendants broke into Plaintiffs' hotel and stole Plaintiffs' jewelry and valuables, and therefore improperly exercised dominion and control over Plaintiffs' assets.

70. Plaintiffs have requested and attempted to secure the return of their property from Defendants, but Defendants have hidden, concealed, and otherwise laundered Plaintiffs' property, so that it is not accessible to Plaintiffs.

71. As a result of Defendants' conduct, Plaintiffs suffered damages, and Plaintiffs in fact suffered damages.

72. Defendants misappropriated Plaintiffs assets with criminal intent.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, (i) Finding that Defendants engaged in conversion; (ii) Awarding Plaintiffs damages; and (iii) Granting such further relief as the court deems just and proper.

**COUNT VI**
**UNJUST ENRICHMENT**

73. Plaintiff Eric realleges and reavers all of the allegations contained in 1 through 36, and 67 through 72 as if fully set forth herein.

74. As set forth in further detail above, Plaintiffs conferred a benefit upon Defendants.

75. Because Defendants obtained the benefit through theft and burglary, the

circumstances in which Defendants obtained Plaintiffs property is such that it unjust for them to retain it without paying Plaintiffs the value thereof.

76. Plaintiffs have suffered damages as a result of Defendants' conduct.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants: (i) Finding that Defendants were unjustly enriched; (ii) Awarding Plaintiffs damages; and (iii) Granting such further relief as the Court deems just and proper.

## COUNT VI
## CIVIL CONSPIRACY

77. Plaintiffs reallege the allegations of Paragraphs 1 through 77 above as if set forth in full herein.

78. As set forth in further detail above, Defendants entered into an agreement to commit various unlawful and tortious acts in concert with each other.

79. Specifically, Defendants agreed and conspired to engage in conduct, including, without limitation, that constituted the theft and burglary of Plaintiffs' personal property.

80. Defendants all took significant actions and steps in furtherance of the conspiracy.

81. As a result of Defendants' conduct, Plaintiffs suffered damages.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants: (i) Finding that Defendants engaged in a civil conspiracy; (ii) Finding that Defendants are jointly and severally liable; (iii) Awarding Plaintiffs damages; and (iv) Granting such further relief as the Court deems just and proper.

## TRIAL BY JURY

Plaintiffs, ERIC MAVACHEV and JENNIFER SHAFIR, respectfully request a jury trial on all issues so triable.

Dated this **1st** day of February 2024.

                                    Respectfully submitted,

                                    **MILLENNIAL LAW, INC.**
*Attorneys for Plaintiffs*
501 E. Las Olas Blvd Ste 200/314
Fort Lauderdale Fl 33301
Phone: 954-271-2719

By:  *s/ Zachary P. Hyman*
       Zachary P. Hyman
       Florida Bar No.  98581
       zach@millenniallaw.com
       jessica@millenniallaw.com
       assistant@millenniallaw.com
       millenniallawforms@gmail.com