## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

ERIC MAVACHEV, an individual,
and JENNIFER SHAFIR, an individual,          CASE NO.: 24-CV-20417

       Plaintiffs,

v.

XANDI GARCIA, an individual,
YENNYS PEREZ, an individual,
JOSSIE PINTADO MARTELL, an
individual, and DAVID ALCALDE,
an individual,

       Defendants.

_____/

## AMENDED COMPLAINT

Plaintiffs, ERIC MAVACHEV and JENNIFER SHAFIR (collectively, "*Plaintiffs*"), by and through the undersigned counsel, hereby sue Defendants, XANDI GARCIA, an individual; YENNYS PEREZ, an individual; JOSSIE PINTADO-MARTELL, an individual; and DAVID ALCALDE, an individual (collectively, "*Defendants*"), and in support thereof states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      This is an action for damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest, attorneys' fees, and costs.

2.      At all times material hereto, Plaintiff, ERIC MAVACHEV ("*Eric*"), was and is a citizen of the State of New York and otherwise *sui juris*.

3.      At all times material hereto, Plaintiff, JENNIFER SHAFIR ("*Jennifer*"), was and is a citizen of the State of New York and otherwise *sui juris*.

4.      At all times material hereto, Defendant, XANDI GARCIA ("*Garcia*"), was and is a citizen of the State of Florida.

5.      At all times material hereto, Defendant, YENNYS PEREZ ("*Perez*"), was and is a

citizen of the State of Florida.

6.      At all times material hereto Defendant, JOSSIE PINTADO-MARTELL

("*Martell*"), was and is a citizen of the State of Florida.

7.      At all times relevant hereto Defendant, DAVID ALCALDE ("*Alcalde*"), was and

is a citizen of the State of Florida.

8.      Venue is proper because the facts and circumstances giving rise to the instant claims

occurred in Miami-Dade County, Florida.

9.      Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because the parties are citizens

of diverse states, and the amount in controversy exceeds $75,000.  Plaintiffs are also pursuing

claims that arise out of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962,

et seq.

10.      This Court may exercise personal jurisdiction over Defendants who are all citizens

of the State of Florida.

## FACTUAL ALLEGATIONS

11.      Commencing prior to January 2020, and as set forth in further detail in the criminal

indictment against them, Defendants were engaged in a high stakes criminal enterprise that was

intended to deprive wealthy individuals of their hard earned assets, through the theft and

conversion of their personal property, which was then, on information and belief, transferred and

converted through various money laundering efforts to allow Defendants to benefit from and retain

the proceeds of their theft.

12.      The enterprise was operated by, through, and among all the Defendants who would

collectively work together to steal from various individuals such as Plaintiffs, to launder their

money and hard-earned valuable property.

13.     Prior to stealing from Plaintiffs, Defendants stole significant money and jewelry from other individuals. Defendants would use the proceeds from their theft to traffic and sell illegal drugs, while placing gps trackers in victims' cars.

14.     Defendants used interstate commerce in support of their efforts to deprive Plaintiffs of their property, by engaging in telephonic and electronic communication over the internet and, on information and belief, by monitoring Plaintiffs and their conduct in New York while Defendants were in Florida.

15.     This continuing pattern of criminal conduct continued with Defendants' efforts to steal from Plaintiffs.

16.     Defendants engaged in a concerted effort to monitor and ensure that they could take Plaintiffs' property from them and entered into an agreement to commit the unlawful act of breaking into Plaintiffs' hotel room and stealing all of Plaintiffs' jewelry. Notably, the pattern of conduct that was engaged in would follow the same pattern.

17.     Perez, Martel, and others would identify or try to locate potential victims or celebrities who used social media to showcase their wealth. Once Perez and Martel identified potential victims, they would work with Garcia, Alcalde and others to facilitate the robbery.

18.     Once a robbery occurred Perez and Martel would identify or try to identify potential purchasers of what they stole, and Garcia and Alcalde would then try to sell that property.

19.     Plaintiffs arrived in Miami on February 1, 2020, to participate in Super Bowl weekend and affiliated events.

20.     Plaintiff Eric travelled to Miami with nearly two million dollars ($2,000,000.00) in jewelry to sell to celebrities and other high-end clients.

21.     Plaintiff Jennifer traveled to Miami with several high value personal belongings including Chanel purses and a fur coat.

22.     Upon Plaintiffs' arrival to Miami, on information and belief, Defendants developed a plan to rob Plaintiff Eric of all the valuable jewelry that he brought with him.

23.     To accomplish this goal, Defendants had members of their group monitor the Mondrian hotel, which had defective security, to find out where Plaintiffs would be staying, to the extent the information was not otherwise provided by or through other sources in the hotel, and when Plaintiffs would be leaving.

24.     Perez and Martel visited the Mondrian previously and had located holes in its security, with the understanding and belief that they would be able to steal from celebrities. Alcalde and Garcia also found and worked with Perez and Martel to find disguises and other equipment that would allow them to break into hotel rooms to steal from victims like Plaintiffs.

25.     On February 1, 2020, at approximately 11:22 pm, Plaintiffs, who were guests and invitees at the Mondrian Hotel, left their hotel room for dinner and a night out. On information and belief, Defendants Perez and Martel reported to Defendants Garcia and Alcalde about the location and whereabouts of the Plaintiffs.

26.     Defendants Garcia and Alcalde watched and observed Plaintiffs while at the hotel, and waited for Plaintiffs to leave their hotel.

27.     Within a couple of hours after Plaintiffs left the hotel, Garcia and Alcalde worked in concert to break into Plaintiffs' hotel room and steal the safe directly out of the hotel room. Alcalde jumped across the balcony, while Garcia assisted in monitoring the situation.

28.     Alcalde then walked out of the back door of the Mondrian hotel with Plaintiffs property.

29.     On information and belief, some combination of Defendants Perez and Martel, participated in the foregoing misconduct and drove the get-away vehicles for the benefit of Alcalde and Garcia.

30.     Alcalde and Garcia then worked with Perez and Martel to attempt to market the jewelry and other property that had been stolen from Plaintiffs. However, Garcia attempted to sell some of the jewelry that he stole from Plaintiff Eric to an undercover detective and was arrested.

31.     Defendants then worked in concert to steal substantial property from Plaintiffs. Plaintiff Jennifer had a designer coat, two Chanel purses, and five thousand dollars ($5,000.00) in cash stolen, while Plaintiff Eric had nearly two million dollars ($2,000,000.00) in jewelry and luxury watches stolen.

32.     After stealing Plaintiffs personal property, Defendants continued to engage in a scheme to transfer, convert, and otherwise launder Plaintiffs' jewelry and money. They were in the process of trying to steal money from a former Yankees pitcher but were arrested before they could consummate the theft. This process was initiated with Perez and Martel doing an investigation on the pitcher, Alcalde and Garcia planning on committing the actual act, and Perez and Martel working in concert to liquidate the proceeds from their wrongful conduct.

33.     Ultimately, Defendants were arrested for their involvement in the foregoing scheme and pled guilty. However, they were able to successfully steal and conceal, through money laundering and other improper conduct, Plaintiffs' property and use it for their own benefits.

34.     As a result of Defendants' actions, Plaintiffs suffered substantial damages.

35.     Defendants knew or should have known of the wrongful nature of their actions. All knew or should have known of the criminal enterprise, and knowingly and willingly participated in the criminal enterprise.

36.     All conditions precedent to the filing of this lawsuit, including any actions required of Plaintiffs, have been performed, satisfied, and/or waived.

## COUNT I
## <u>VIOLATIONS OF THE FEDERAL RICO STATUTES</u>

37.     Plaintiffs reallege and reaver all of the allegations contained in 1 through 36, as if fully set forth herein.

38.     As set forth in further detail above, Defendants engaged in conduct, by *inter alia*, stealing converting and laundering Plaintiffs' assets, that was criminal and would otherwise constitute conversion, theft, and burglary.

39.     Defendants' conduct constituted an enterprise, because Defendants all acted with a common purpose to achieve the common goal of depriving individuals, including Plaintiffs, of their assets and money.

40.     Defendants engaged in a pattern, in that their conduct was repeated and occurred several times during a several month period.

41.     Defendants engaged in racketeering conduct, which included, without limitation, theft, conversion, burglary, and money laundering.

42.     As a result of Defendants' conduct Plaintiffs suffered damages.

43.     Plaintiffs in fact suffered damages.

WHEREFORE, Plaintiffs demand judgment against Defendants finding that: (i) Defendants violated the Federal RICO Statutes; (ii) Awarding Plaintiffs treble damages; (iii) Awarding Plaintiffs attorney's fees and costs; (iv) Awarding Plaintiffs damages, including lost profits, costs, interest; and (v) Awarding such other and further relief as this Court may deem just and proper, both in law and in equity.

## COUNT II
## VIOLATIONS OF FLORIDA RICO STATUTES

44.     Plaintiffs reallege and reaver all of the allegations contained in 1 through 36, as if fully set forth herein.

45.     As set forth in further detail above, Defendants engaged in conduct, by *inter alia*, stealing, converting, and laundering Plaintiffs' assets, that was criminal and would otherwise constitute conversion, theft, and burglary.

46.     Defendants' conduct constituted an enterprise, because Defendants all acted with a common purpose to achieve the common goal of depriving individuals, including Plaintiffs, of their assets and money.

47.     Defendants engaged in a pattern, in that their conduct was repeated and occurred several times during a several month period.

48.     Defendants engaged in racketeering conduct, which included, without limitation, theft, conversion, burglary, and money laundering.

49.     As a result of Defendants' conduct Plaintiffs suffered damages.

50.     Plaintiffs in fact suffered damages.

WHEREFORE, Plaintiffs demands judgment against Defendants finding that: (i) Defendants violated the Florida RICO statutes; (ii) Awarding Plaintiffs treble damages; (iii) Awarding Plaintiffs attorney's fees and costs; (iv) Awarding Plaintiffs damages, including lost profits, costs, interest; and (v) Awarding such other and further relief as this Court may deem just and proper, both in law and in equity.

## COUNT III
## CONSPIRACY TO VIOLATE FEDERAL RICO STATUTES

51.     Plaintiffs reallege and reaver all of the allegations contained in 1 through 36, and 38 through 43, as if fully set forth herein.

52.     As set forth in further detail above, Defendants engaged in conduct, by *inter alia*, stealing, converting, and laundering Plaintiffs' assets, that was criminal and would otherwise constitute conversion, theft, and burglary.

53.     Defendants' conduct constituted an enterprise, because Defendants all acted with a common purpose to achieve the common goal of depriving individuals, including Plaintiffs, of their assets and money.

54.     Defendants engaged in a pattern, in that their conduct was repeated and occurred several times during a several month period.

55.     Defendants engaged in racketeering conduct, which included, without limitation, theft, conversion, burglary, and money laundering.

56.     Each Defendant knew about the criminal enterprise and agreed to further advance the purpose of the criminal enterprise. They also all participated personally in the commission of predicate acts in furtherance of the RICO enterprise.

57.     As a result of Defendants' conduct Plaintiffs suffered damages.

58.     Plaintiffs in fact suffered damages.

WHEREFORE, Plaintiffs demands judgment against Defendants finding that: (i) Defendants conspired to violate the Federal RICO Statutes; (ii) Awarding Plaintiffs treble damages; (iii) Awarding Plaintiffs attorney's fees and costs; (iv) Awarding Plaintiffs damages, including lost profits, costs, interest; and (v) Awarding such other and further relief as this Court may deem just and proper, both in law and in equity.

## COUNT IV
## CONSPIRACY TO VIOLATE FLORIDA RICO STATUTES

59.     Plaintiffs reallege and reaver all of the allegations contained in 1 through 36, and 45 through 50 as if fully set forth herein.

60.     As set forth in further detail above, Defendants engaged in conduct, by *inter alia*, stealing, converting, and laundering Plaintiffs' assets, that was criminal and would otherwise constitute conversion, theft, and burglary.

61.     Defendants' conduct constituted an enterprise, because Defendants all acted with a common purpose to achieve the common goal of depriving individuals, including Plaintiffs, of their assets and money.

62.     Defendants engaged in a pattern, in that their conduct was repeated and occurred several times during a several month period.

63.     Defendants engaged in racketeering conduct, which included, without limitation, theft, conversion, burglary, and money laundering.

64.     Each Defendant knew about the criminal enterprise and agreed to further and advance the purpose of the criminal enterprise. They also all participated personally in the commission of predicate acts in furtherance of the RICO enterprise.

65.     As a result of Defendants' conduct Plaintiffs suffered damages.

66.     Plaintiffs in fact suffered damages.

WHEREFORE, Plaintiffs demand judgment against Defendants finding that: (i) Defendants conspired to violate the Florida RICO Statutes; (ii) Awarding Plaintiffs treble damages; (iii) Awarding Plaintiffs attorney's fees and costs; (iv) Awarding Plaintiffs damages, including lost profits, costs, interest; and (v) Awarding such other and further relief as this Court may deem just and proper, both in law and in equity.

**COUNT V**
**CONVERSION**

67.     Plaintiffs reallege and reaver all of the allegations contained in 1 through 36 as if fully set forth herein.

68.     Plaintiffs are the owners of valuable property and were in possession of that Property.

69.     Notwithstanding the foregoing, Defendants broke into Plaintiffs' hotel and stole Plaintiffs' jewelry and valuables, and therefore improperly exercised dominion and control over Plaintiffs' assets.

70.     Plaintiffs have requested and attempted to secure the return of their property from Defendants, but Defendants have hidden, concealed, and otherwise laundered Plaintiffs' property, so that it is not accessible to Plaintiffs.

71.     As a result of Defendants' conduct, Plaintiffs suffered damages and Plaintiffs in fact suffered damages.

72.     Defendants misappropriated Plaintiffs assets with criminal intent.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, (i) Finding that Defendants engaged in conversion; (ii) Awarding Plaintiffs damages; and (iii) Granting such further relief as the court deems just and proper.

**COUNT VI**
**UNJUST ENRICHMENT**

73.     Plaintiffs reallege and reaver all of the allegations contained in 1 through 36 as if fully set forth herein.

74.     As set forth in further detail above, Plaintiffs conferred a benefit upon Defendants.

75.     Because Defendants obtained the benefit through theft and burglary, the

circumstances in which Defendants obtained Plaintiffs property is such that it unjust for them to retain it without paying Plaintiffs the value thereof.

76.     Plaintiffs have suffered damages as a result of Defendants' conduct.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants: (i) Finding that Defendants were unjustly enriched; (ii) Awarding Plaintiffs damages; and (iii) Granting such further relief as the Court deems just and proper.

**COUNT VI**
**CIVIL CONSPIRACY**

77.     Plaintiffs reallege the allegations of Paragraphs 1 through 36, and 69 through 72 and 74 through 76, above as if set forth in full herein.

78.     As set forth in further detail above, Defendants entered into an agreement to commit various unlawful and tortious acts in concert with each other, those acts included conversion and unjust enrichment.

79.     Specifically, Defendants agreed and conspired to engage in conduct, including, without limitation, that constituted the theft and burglary of Plaintiffs' personal property.

80.     Defendants all took significant actions and steps in furtherance of the conspiracy.

81.     As a result of Defendants' conduct, Plaintiffs suffered damages.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants: (i) Finding that Defendants engaged in a civil conspiracy; (ii) Finding that Defendants are jointly and severally liable; (iii) Awarding Plaintiffs damages; and (iv) Granting such further relief as the Court deems just and proper.

**TRIAL BY JURY**

Plaintiffs, ERIC MAVACHEV and JENNIFER SHAFIR, respectfully request a jury trial on all issues so triable.

Dated this **25th** day of February 2025.

Respectfully submitted,

**MILLENNIAL LAW, INC.**
*Attorneys for Plaintiffs*
501 E. Las Olas Blvd Ste 200/314
Fort Lauderdale Fl 33301
Phone: 954-271-2719

By:  *s/ Zachary P. Hyman*
      Zachary P. Hyman
      Florida Bar No.  98581
      zach@millenniallaw.com
      jessica@millenniallaw.com
      assistant@millenniallaw.com
      millenniallawforms@gmail.com

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed on this **25th** day of **February**, 2025, via the Court's CM/ECF system, and that a true and correct copy of was served upon the parties listed, in the manner specific, in the below Service List.

By: *s/ Zachary P. Hyman*
    Zachary P. Hyman

## Service List

**Via CM/ECF Notification**

| | |
|---|---|
| Roy J. Kahn, Esq. | Roberto R. Pardo, Esq. |
| Roy J. Kahn, P.A. | Roberto R. Pardo, P.A. |
| 420 S. Dixie Highway, Suite 4B | 9495 Sunset Drive, Suite B-230 |
| Coral Gables, Florida 33146 | Miami, Florida 33146 |
| rjk@roykahnlaw.com | rpardo@pardolaw.com |
| *Attorney for Defendants Maybel Sanchez & Mirta Lora* | *Trial Attorney for Defendant Orielys Sosa Cabrera* |

**Via U.S. Mail**

Xandi Garcia, *Defendant*
600 U.S. Highway 27 South
South Bay, Florida 33493

David Alcalde, *Defendant*
17835 SW 150th Court
Miami, Florida 33187

Yennys Perez, *Defendant*
9888 N. Kendall Drive, #H212
Miami, Florida 33176

Jossie Pintado-Martell, *Defendant*
1980 Seagrape Ave
Pembroke Pines, Florida 33026

Orielys Sosa-Cabrera, *Defendant*
15261 SW 102nd Court
Miami, Florida 33157